ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARINEL SANTOS ROSADO Y OTROS<br>Apelante<br><br>v.<br><br>ALEJANDRO TORRES ARROYO Y OTROS<br>Apelado | KLAN202500182 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Número: UT2024CV00109<br><br>Sobre: Enriquecimiento injusto |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de mayo de 2025.

Comparece ante nos la Sucesión Miguel Santos Ruiz[1] (Sucesión o apelante) y solicita la revocación de la *Sentencia Parcial* que el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI o foro primario), notificó el 18 de febrero de 2025. En esta, desestimó, por la vía sumaria, su causa de acción sobre nulidad de venta judicial en ejecución de sentencia.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I.**

Los integrantes de la Sucesión Miguel Santos Ruiz[2] incoaron una demanda sobre nulidad de venta judicial en ejecución de sentencia, enriquecimiento injusto, fraude, así como por daños y perjuicios en contra del señor Alejandro Torres Arroyo (señor Torres

---

[1] Cabe señalar que, en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial surge en el epígrafe como parte demandante, Marinel Santos Rosado y Otros.
[2] Compuesta por la señora Marinel Santos Rosado; la señora María Margarita Santos Rodríguez; la señora Carmen Gloria Santos Rodríguez; la señora Lourdes Isabel Santos Rodríguez, el señor José Eduardo Santos Rodríguez y el señor Miguel Santos Rosado.

Número Identificador

SEN2025_____

Arroyo), de la señora María Ivette Ríos Acevedo (señora Ríos Acevedo) y la sociedad legal de gananciales compuesta por ambos (conjuntamente, matrimonio Torres Ríos o apelados). En esencia, solicitan que el foro primario declare que la escritura de venta judicial, autorizada en un pleito anterior, sea declarada nula. Lo antes, por entender que, el TPI actuó sin jurisdicción en la etapa de ejecución de sentencia debido a que el causante, el señor Miguel Santos Ruiz, nunca fue sustituido por sus herederos como partes indispensables.

La Sucesión alegó que, en el 2004, el señor Torres Arroyo demandó al señor Miguel Santos Ruiz por despido injustificado (caso Civil Núm. L1CI200400313). En la *Sentencia* emitida el 18 de agosto de 2015, el TPI ordenó al señor Miguel Santos Ruiz pagar $64,252.90 a favor del señor Torres Arroyo.[3] Ante incumplimiento de lo anterior, el foro judicial autorizó la venta de una propiedad previamente embargada, mediante una *Orden* emitida el 18 de junio de 2018.[4]

Con posterioridad, en particular, el 2 de agosto de 2018, el señor Miguel Santos Ruiz falleció. Conforme a lo solicitado, el TPI autorizó la venta en pública subasta de un predio sito en Adjuntas, Puerto Rico. Celebrado el acto de subasta, el 13 de septiembre de 2018, se vendió la referida propiedad con una cabida de 220.68 cuerdas, por el valor al tipo mínimo de $64,252.90 a favor del único licitador, el señor Torres Arroyo.

Como parte de sus alegaciones en el caso de epígrafe, la Sucesión expuso que, como dicho predio tenía un valor de $800,000.00, superior a lo adjudicado mediante la referida *Sentencia,* se incurrió en un enriquecimiento injusto. Ello, por entender que, el señor Torres Arroyo se enriqueció injustamente con

---

[3] Apéndice, págs. 11-16.
[4] Apéndice, págs. 52-53.

la venta en pública subasta de la referida propiedad cuyo valor resulta mayor y fue embargada en aseguramiento de la sentencia, notificada en el pleito sobre despido injustificado.[5]

En reacción a la *Demanda* de epígrafe (caso Civil Núm. UT2024CV00109), el matrimonio Torres Ríos acreditó su *Contestación a Demanda*. En esta, negó las alegaciones y destacó que, a su entender, un panel hermano confirmó la venta judicial en disputa, mediante una *Resolución* emitida en el Recurso Núm. KLAN201801353. Sobre tales bases, el matrimonio Torres Ríos estableció que, las alegaciones constituyen un ataque colateral sin fundamentos. Añadió que, el foro primario carece de jurisdicción para entretener la causa, por virtud de la doctrina de cosa juzgada. Junto a su alegación responsiva, el matrimonio Torres Ríos presentó una reconvención por persecución maliciosa, a la cual la Sucesión replicó, el 30 de mayo de 2024.[6] Pendiente lo antes, el TPI autorizó la consignación de $64,252.90.

Así las cosas, la Sucesión presentó una *Moción en Solicitud de Sentencia Sumaria Parcial (Nulidad de Venta Judicial en Ejecución de Sentencia).*[7] En esta, propuso 16 hechos como incontrovertidos

---

[5] Como parte de sus alegaciones destacaron que, el Lic. Mario Ariel Mercado Galarza, representante legal en el caso laboral también demandó por separado en pleito civil núm. caso UT2019CV00537 por cobro de servicios legales. En el referido pleito el letrado adujo que los apelados se adjudicaron el inmueble embargado en aseguramiento de sentencia cuyo valor excede $800,000.00 y resulta mayor a lo autorizado en la sentencia. Cabe señalar que, de una búsqueda de los sistemas de los tribunales surge que, el caso UT2019CV00537 concluyó mediante una *Sentencia* por Estipulación Confidencial, el 11 de enero de 2023. En dicho pleito independiente, la Sucesión también reclamó al matrimonio Torres Ríos el pago de ($264,000.00) equivalentes al 33% del valor recibido (800,000.00), conforme presuntamente acordaron las partes al otorgar el Contrato de Servicios Profesionales para la tramitación del caso Civil Núm. L1CI200400313; más gastos, costas y honorarios de abogados.

[6] Apéndice, pág. 30-34 y 35-36.

[7] Apéndice, págs. 40-112. Junto a su petitorio incluyó los siguientes documentos: Exhibit 1-*Sentencia* emitida el 18 de agosto de 2015 en el caso civil núm. L1C1200400313; Exhibit 2-Orden emitida el 18 de junio de 2018 en el caso civil núm. L1C1200400313; Exhibit 3-Edicto de Subasta en el caso civil núm. L1C1200400313; Exhibit 4-Certificado de Defunción de Miguel Santos Ruiz; Exhibit 5-*Moción al Expediente* en el caso civil núm. L1C1200400313; Exhibit 6-*Resolución* sobre Declaratoria de Herederos emitida el 10 de septiembre de 2018 en el caso civil núm. CG2018CV01895; Exhibit 7-Acta de Primera Subasta en el caso civil núm. L1C1200400313; Exhibit 8-*Moción solicitando confirmación de venta y en solicitud de autorización para comparecer en escritura de venta judicial* en el caso civil núm. L1C1200400313; Exhibit 9-*Moción por derecho propio* presentada por José E. Santos Rodríguez en el caso civil núm. L1C1200400313;

(números 5.1 - 5.16) para sustentar su solicitud de nulidad de venta judicial en ejecución de sentencia, realizada en el caso Civil Núm. L1CI200400313.

En reacción, el matrimonio Torres Ríos presentó una *Dúplica a Moción de Sentencia Sumaria.*[8] Surge de su escrito una sección intitulada "Hechos Que No Est[á]n en Controversia Sometidos Por el Demandante". Lo antes, seguido de una lista de 18 incidencias procesales. Posteriormente, otra sección intitulada "Contestación A Hechos Que No Est[á]n En Controversia Sometida Por la Parte Demandante, a la cual le corresponde una lista enumerada del 1 al 11, que a su vez hace referencia a los hechos propuestos 5.1-5.16. De una lectura de lo antes, el matrimonio Torres Ríos se limitó a "aceptar" la mayoría de las propuestas y "negar" otras, sin contrapropuestas o documentos para sustentar su postura.

---

Exhibit 10-*Moción Urgentísima* presentada por la parte demandante, Alejandro Torres Arroyo en el caso civil núm. L1C1200400313; Exhibit 11-*Orden* emitida el 25 de septiembre de 2018 en el caso civil núm. L1C1200400313; Exhibit 12-*Moción solicitando confirmación de venta y en solicitud de autorización para comparecer en escritura de venta judicial* presentada por la parte demandante, Alejandro Torres Arroyo, en el caso civil núm. L1C1200400313; Exhibit 13-*Orden* emitida el 27 de septiembre de 2018 en el caso civil núm. L1C1200400313; Exhibit 14-Escritura Número 11 de Venta Judicial; Exhibit 15-*Resolución* emitida el 9 de noviembre de 2018 en el caso civil núm. L1C1200400313 y Exhibit 16-*Resolución* emitida el 22 de mayo de 2019 en el recurso núm. KLAN201801353.

[8] Apéndice, págs. 113-189. Con su escrito incluyó los siguientes documentos: Anejo 1-Notificación de Orden emitida el 30 de mayo de 2014 en el caso civil núm. L1C1200400313; Anejo 2-*Moción informativa* presentada por la parte demandante, Alejandro Torres Arroyo, en el caso civil núm. L1C1200400313; Anejo 3-Notificación de Orden emitida el 7 de agosto de 2014 en el caso civil núm. L1C1200400313; Anejo 4-Minuta del 12 de mayo de 2015 en el caso civil núm. L1C1200400313; Anejo 5-*Sentencia* emitida el 18 de agosto de 2015 en el caso civil núm. L1C1200400313; Anejo 6- *Moción por derecho propio* presentada por José E. Santos Rodríguez en el caso civil núm. L1C1200400313; Anejo 7-*Orden de Confirmación de Venta Judicial* emitida el 26 de septiembre de 2018 en el caso civil núm. L1C1200400313; Anejo 8-*Impugnación de Subasta por Incumplimiento por los Procedimientos de Ley* presentada por la parte demandada, Miguel Santos Ruiz en el caso civil núm. L1C1200400313; Anejo 9-Notificación del 2 de octubre de 2018 en el caso civil núm. L1C1200400313; Anejo 10-*Réplica a Moción en Opo[s]ición a Impugnación de Subasta por Incumplimiento con los Procedimientos de Ley* presentada por la Sucesión de Miguel Santos Ruiz en el caso civil núm. L1C1200400313; Anejo 11-*Moción Complementaria a Impugnación de Subasta* presentada por la Sucesión de Miguel Santos Ruiz en el caso civil núm. L1C1200400313; Anejo 12-*Dúplica a "Réplica a Moción en Oposición a Impugnación de Subasta por Incumplimiento con los Procedimientos de Ley"* presentada por la parte demandante, Alejandro Torres Arroyo, en el caso civil núm. L1C1200400313; Anejo 13-*Resolución* emitida el 9 de noviembre de 2018 en el caso civil núm. L1C1200400313; Anejo 14- *Moción Urgentísima* presentada por la parte demandante, Alejandro Torres Arroyo en el caso civil núm. L1C1200400313; Anejo 15-Apelación presentada por la Sucesión de Miguel Santos Ruiz en el recurso núm. KLAN201801353; Anejo 16- *Resolución* emitida el 22 de mayo de 2019 en el recurso núm. KLAN201801353; Anejo 17-Registro Inmobiliario Digital emitido por el Departamento de Justicia.

Tampoco indicó que existieran controversias medulares que pudieran impedir la adjudicación de la causa por la vía sumaria. Obsérvese que, el matrimonio Torres Ríos consignó el derecho aplicable a: ley del caso, impedimento colateral por sentencia, sumisión voluntaria, incuria, y nulidad por falta de parte indispensable. En reacción a lo citado por la Sucesión, discutió la falta de aplicabilidad de lo resuelto por el Tribunal Supremo en *Vidal v. Monagas,* 66 DPR 622 (1946); *Consejo Titulares v. Ramos Vázquez,* 186 DPR 311 (2012); y *Cacho Pérez v. Hatton Gotay y otros,* 195 DPR 1 (2016).

Evaluado lo anterior, el TPI notificó el dictamen apelado, el 18 de febrero de 2025, en el cual consignó lo siguiente:

1. En el caso L1CI200400313 (Alejandro Torres Arroyo v. Miguel Santos Ruiz) el Tribunal de Primera Instancia Sala de Utuado dictó sentencia el 18 de agosto de 2015 y la misma fue notificada a los abogados de récord el 1 de septiembre de 2015.
2. La sentencia del caso L1CI200400313 condenó al querellado Miguel Santos Ruiz al pago de $2,220.00 por concepto de mesada por despido injustificado, $39,168.00 por concepto de horas y por la doble penalidad por concepto de daños y perjuicios, $1,183.20 por concepto de gastos no reembolsados, $8,831.16 por el total adeudado en primas de seguro social, sin incluir los recargos, multas e intereses que el Internal Revenue Service le imponga al querellado, si alguno; $12,850.54 por concepto de honorarios de abogado; y se le impuso además, intereses hasta que la Sentencia sea satisfecha y las costas del litigio.
3. El 27 de enero de 2017 el Tribunal expidió un Mandamiento de anotación embargo, el cual fue presentado el 17 de febrero de 2017 y registrado el 4 de abril de 2017 en el Registro de la Propiedad, anotación B de la finca número 2932 de Adjuntas.
4. El 18 de junio de 2018 el Tribunal emitió Orden de ejecución de sentencia sobre la propiedad objeto de controversia en el presente caso, cuya descripción registral es:
   Rústica: Radicada en el Barrio Saltillo de Adjuntas, Puerto Rico con una cabida de 220.68 cuerdas equivalentes a 86 hectáreas, 62 centiáreas, y 40 miliáreas, en lindes por el Norte con Ángel Soldevilla; al Sur con Carmelo de Jesús, Sucesión de Juan Luna, Río de la Joya y María Arroyo; al Este, con Basilio Rivera y Manuel Malaret; y al Oeste, con José Ruiz, Juan Bautista Crespo, Reimundo Quirindongo, Santiago Serrano, Domingo Massol, Miguel Rodríguez, Pascual Santiago, Valentín Rodríguez y Martín Quiñones. Inscrita al folio 9 del tomo 65 de Adjuntas, Finca 2932.
5. El edicto de subasta fue expedido el 13 de julio de 2018 y fue publicado los días 19 y 27 de julio de 2018 en el periódico El Vocero de Puerto Rico[.]
6. El señor Miguel Santos Ruiz, querellado en el caso L1CI200400313 y causante de la Sucesión aquí demandante, falleció el 2 de agosto de 2018.

7. El 19 de septiembre de 2018 el Tribunal de Primera Instancia Sala de Caguas emitió una declaratoria de herederos, y declaró como únicos y universales herederos del causante, Miguel Santos Ruiz c/p Tatón, a sus hijos: Lourdes Isabel Santos Rodríguez, María Margarita Santos Rodríguez, José Eduardo Santos Rodríguez, Carmen Gloria Santos Rodríguez, Marinel Santos Rosado y Miguel Santos Rosado. La declaratoria fue enmendada nunc pro tunc el 24 de mayo de 2021 para eliminar al hijo fallecido Jorge Miguel Santos Rodríguez como parte de los herederos.

8. La subasta en el caso L1CI200400313 se llevó a cabo el 13 de septiembre de 2018 y compareció como único licitador el señor Alejandro Torres Arroyo por conducto del Lcdo. Mario Mercado Galarza y se le adjudicó la propiedad objeto de controversia en pago de su sentencia por $64,252.90.

9. **En el caso L1CI200400313, no es hasta el 19 de septiembre de 2018 que el Tribunal y el querellante tienen conocimiento del fallecimiento de señor Miguel Santos Ruiz.**

10. El 24 de julio de 2018 se envió notificación de edicto por correo certificado a Miguel Santos Ruiz.

11. También el 24 de julio de 2018 se envió notificación del [edicto] por correo certificado con acuse de recibo, al abogado del señor Miguel Santos Ruiz, el Lcdo. Juan Correa Rodríguez. La notificación fue recibida por el Lcdo. Correa Rodríguez el 27 de julio de 2018.

12. En el caso L1CI200400313, el Tribunal confirmó la venta judicial el 26 de septiembre de 2018 y dicha determinación fue notificada el 27 de ese mismo mes y año. De la Orden se desprende que el Tribunal examinó los edictos de subasta publicados los días 19 y 27 de julio de 2018, y la evidencia de la publicidad de estos en la Colecturía, Tribunal y Casa Alcaldía, acreditada mediante declaración jurada. Además, se examinó prueba: de notificación a la parte adversa mediante correo certificado, el procedimiento de ejecución, el remate, la venta y la adjudicación del inmueble.

13. El 27 de septiembre de 2018 se otorgó la Escritura núm. 11 de venta judicial mediante la cual el señor Alejandro Torres Arroyo y la señora María Ivette Ríos Acevedo adquieren la propiedad objeto de controversia en pago por la sentencia obtenida a favor del señor Torres Arroyo en el caso L1CI200400313.

14. Los planteamientos de la parte demandante en la moción de sentencia sumaria son los mismos que se hicieron en las mociones: Impugnación de subasta por incumplimiento con los procedimientos de ley, Réplica a moción en oposición a impugnación de subasta por incumplimiento con los procedimientos de ley y moción complementaria a impugnación de subasta, todos presentadas en el caso L1CI200400313.

15. La Sucesión de Miguel Santos Ruiz recurrió al Tribunal de Apelaciones de la Resolución emitida el 9 de noviembre de 2018 declarando No Ha Lugar la impugnación de subasta por incumplimiento con los procedimientos de ley.

16. El 10 de diciembre de 2018 la parte aquí demandante presentó un recurso de apelación ante el Tribunal de Apelaciones del caso L1CI200400313 bajo el fundamento de que el causante Miguel Santos Ruiz no recibió la notificación de la moción solicitando ejecución de sentencia del 14 de marzo de 2016, de la moción asumiendo representación legal, ejecución de sentencia y venta en pública subasta presentada el 15 de junio de 2018 y la notificación del edicto de subasta. En el escrito de apelación, la parte aquí demandante sostuvo que era parte interesada e indispensable y que no estuvieron presentes en el acto de la subasta porque no fueron notificados y que no pudo comparecer a licitar por una propiedad que está valorada en

exceso de $400,000.00, por lo cual el proceso es nulo por falta de parte indispensable.

17. El Tribunal de Apelaciones emitió una Resolución el 22 de mayo de 2019 en el caso KLAN201801353 y aunque denegó la expedición del auto de certiorari, dispuso:

> Presentada esta solicitud de impugnación, el foro primario atendió las posiciones de las partes respecto a la impugnación de esta subasta. Con ello ante su consideración, el foro primario examinó los edictos de subasta publicados los días 19 y 27 de julio de 2018, evidencia de la publicidad de estos en la Colecturía, Tribunal y Casa Alcaldía, acreditada mediante declaración jurada. De la misma manera, se examinó el procedimiento de ejecución, el remate, la venta, la adjudicación del bien inmueble y la escritura de venta judicial. Además, examinó prueba de que se notificó la parte adversa mediante correo certificado. Con todo ante su consideración, emitió la Resolución que aquí se impugna. En esta declaró sin lugar la solicitud de impugnación de parte de la sucesión. Al considerar lo anterior, hemos examinado lo que nos sugiere la sucesión como error cometido. Para ello, auscultamos los apéndices ante nuestra consideración y los autos originales del recurso, puntillosamente. Un examen integral de lo anterior nos lleva a concluir que no hay nada que justifique nuestra intervención con la determinación del foro primario. . . . . . . . . En el recurso que aquí atendemos la sucesión no nos ha demostrado que el juzgador de instancia haya sido arbitrario en su determinación o que haya abusado de su discreción en la forma manera en que manejó la solicitud. Por el contrario, del desarrollo procesal se desprende que la determinación del foro primario es razonable y no urge nuestra intrusión.[9]

Tras exponer el derecho correspondiente a la sentencia sumaria y a la doctrina sobre el impedimento colateral por sentencia, y aplicarlo a los referidos hechos consignados, el TPI declaró Ha Lugar la *Dúplica a Moción de Sentencia Sumaria.* Además, desestimó únicamente la causa de acción sobre nulidad de venta judicial en ejecución de sentencia. Lo antes, por existir impedimento colateral por sentencia. De esta forma, dejó activas las restantes causas de acción sobre enriquecimiento injusto, fraude al tribunal, así como, daños y perjuicios.

En su pronunciamiento, el foro primario destacó que, a su entender, un panel hermano del Tribunal de Apelaciones ponderó la determinación final del foro de instancia y revisó los mismos documentos que el foro recurrido, previo a determinar que no iba a expedir el recurso. De manera que, sustentado en que lo antes

---

[9] Apéndice, págs. 201-204.

advino final y firme, el TPI aplicó la doctrina de impedimento colateral de sentencia para luego concluir que, la Sucesión no tiene razón en promover una acción que se adjudicó en el 2018. Resaltó que, la Sentencia en el caso anterior fue notificada al señor Miguel Santos Ruiz en vida. Añadió que, a tenor de la Regla 51.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, si la ejecución de la sentencia se realiza antes de los cinco (5) años de advenir firme la sentencia, no es requerido notificar a la parte demandada sobre dicha ejecución. Es de notar que, el TPI no mencionó en su dictamen que la acción que nos ocupa no es sobre la nulidad de la sentencia sino sobre la nulidad de la venta judicial, por falta de sustitución de partes indispensables.

Inconforme, la Sucesión acude ante esta Curia y señala los siguientes errores:

> Erró el T.P.I. al desestimar la causa de acción de solicitud de nulidad, cuando surge de los documentos legales anejados a la sentencia sumaria que el T.P.I. en el caso "L1C1" no paralizó y nunca ordenó la sustitución del demandado fallecido de conformidad con la Regla 22 de Procedimiento Civil, la cual no es discrecional.

> Erró el T.P.I. al desestimar la causa de acción de nulidad cuando una violación al debido proceso de ley, tanto procesal como sustantivo, es una actuación "ultra vires" que provoca la ineficacia e invalidez de los procesos judiciales y los hace inexistentes.

> Erró el T.P.I. al desestimar la causa de acción bajo "impedimento colateral por sentencia" cuando el T.P.I. había omitido aplicar la Regla 22 de Procedimiento Civil y su jurisprudencia interpretativa, siendo la más reciente Oriental Bank v. Víctor Pagán Acosta, 2024 TSPR 133, 215 DPR ____, en cuanto a los efectos de ley, de omisión en la sustitución de parte fallecida.

> Erró el T.P.I. al desestimar la causa de acción bajo "impedimento colateral por sentencia" por entender que se adjudicó el pleito de manera "final y firme" ante una Resolución del Tribunal de Apelaciones, no expidiendo un auto de *certiorari*.

Ha transcurrido mayor término al concedido por la Regla 22 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 22, sin que el matrimonio Torres Ríos haya acreditado cumplimiento, por lo cual, según advertido, resolvemos sin el beneficio de su comparecencia.

**II.**

**A. La Cosa Juzgada y el Impedimento Colateral**

La doctrina de cosa juzgada aplica cuando existe una primera sentencia válida; que adjudicó la controversia en sus méritos; que advino final y firme; con la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron; y que el remedio solicitado sea análogo al previamente reclamado. *Figueroa Santiago et als. v. ELA*, 207 DPR 923, 933 (2021). La referida doctrina responde tanto al interés del Estado a que se les ponga fin a los litigios para que así no se eternicen las cuestiones judiciales, como a la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654-655 (2013).

En cuanto al requisito de identidad entre las cosas, basta con que se refiera al mismo asunto, independientemente de que uno se aborde totalmente y el otro solo parcialmente. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996). De otra parte, la identidad entre las causas se logra establecer cuando se deduce que, tanto en el pleito anterior como en el que se invoca la excepción de cosa juzgada, las acciones ejercitadas implican un mismo motivo o razón de pedir: si los hechos y fundamentos de las peticiones son los mismos en lo que afecta la cuestión planteada. *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 223 (2012).

Análogamente, el impedimento colateral por sentencia, por constituir una modalidad de la cosa juzgada, protege a los litigantes de tener que defenderse o de probar su reclamación en repetidas ocasiones sobre una misma controversia. *Presidential v. Transcaribe,* 186 DPR 263, 276 (2012). Lo antes, con el objetivo de promover la economía procesal y judicial, evitar litigios innecesarios y dictámenes inconsistentes. *Íd.* Sin embargo, distinto a la cosa

juzgada, la aplicación del impedimento colateral por sentencia no requiere la identidad de las causas. *Íd.* Entiéndase que, la referida defensa puede invocarse, aunque la razón de pedir en la demanda actual no sea la misma que en la reclamación anterior. *Íd.*

Sobre cuándo aplica el impedimento colateral por sentencia nuestro más Alto Foro dictaminó que: "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas." *Íd.*, pág. 277. Esta doctrina puede exponerse de forma defensiva u ofensiva. En la modalidad defensiva, quien presenta la defensa es la parte demandada para impedir que la parte demandante litigue nuevamente un asunto previamente presentado y que perdió en un pleito anterior en contra de otra parte. *P.R. Wire Prod. V. C. Crespo & Assoc.,* 175 DPR 139, 153 (2008). En cuanto a la segunda modalidad, quien presenta la defensa es la parte demandante para impedir que la parte demandada re litigue un asunto presentado y sobre el cual no prevaleció en un pleito anterior en contra de otra parte. *Íd.* En ambos escenarios, la parte afectada por la interposición del impedimento colateral ha litigado y ha perdido el asunto en el pleito anterior. *Íd.*

Ahora bien, es importante apuntalar que, la doctrina de cosa juzgada es una de las defensas afirmativas que enumera la Regla 6.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3, y a esos efectos dispone que, debe formularse de manera clara, expresa y específica al responder una alegación o, de lo contrario, se tiene por renunciada. *Presidential v. Transcaribe*, supra, pág. 281, citando a *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294 (1989). Por lo tanto, de no levantar la defensa afirmativa de manera oportuna, la parte no puede plantearla en ninguna otra etapa posterior del

proceso judicial. *Íd.,* págs. 285-286. Además, los tribunales no pueden levantar defensas afirmativas *motu proprio* cuando las partes son quienes las han renunciado. *Íd.*, pág. 284.

### B. La Sustitución de Partes

En nuestro ordenamiento jurídico, la sustitución de un litigante fallecido se rige por la Regla 22.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1; *Oriental Bank v. Pagán Acosta y otros,* 2024 TSPR 133, resuelto el 16 de diciembre de 2024. A través de esta norma procesal se viabiliza que, a pesar del fallecimiento de una parte, la causa de acción continúe a favor o en contra de la parte interesada. *Vilanova et al. v. Vilanova et al.,* 184 DPR 824, 838 (2012). Cualquier parte -por sí o a través de su representante legal- deberá notificar el deceso de una parte, dentro de los treinta (30) días de advenir en conocimiento de tal hecho. *Oriental Bank v. Pagán Acosta y otros,* supra. A partir de la notificación, cuentan con noventa (90) días para solicitar la correspondiente sustitución de parte. *Íd.* A tenor de la Regla 22.1, *supra,* si la parte fallecida no es sustituida oportunamente, el pleito no puede continuar su curso y procede su desestimación sin perjuicio. *Íd.*

Debido a que la parte con derecho u obligación a sustituir a un causante es su sucesión, cada uno de sus miembros deberá ser traído al pleito como parte indispensable. *Blassino Alvarado y otro v. Reyes Blassino y otro,* 2024 TSPR 93, resuelto el 20 de agosto de 2024. Como se sabe, al sustituir a una parte por otra que no está en el pleito es necesario adquirir jurisdicción *in personam* sobre esa nueva persona, con el fin de que esta quede notificada de la acción y pueda ser escuchada y defenderse, si así lo desea. *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 DPR 664, 686 (1989). Cabe señalar que, la sustitución en nada afecta los derechos sustantivos de las partes, ya que, el que sustituye se coloca en los mismos zapatos que

la parte sustituida. *Blassino Alvarado y otro v. Reyes Blassino y otro,* supra. Esta norma procesal promueve el interés público de que los asuntos en los tribunales se solucionen de la forma más expedita, evitando el perjuicio que la dilación pueda ocasionar a las partes. *Vilanova et al. v. Vilanova et al.,* supra.

En particular, la Regla 22.1 de Procedimiento Civil dispone que:

(a) Si una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia para desestimar el pleito.

(b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha cuando se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los y las causahabientes o representantes podrán presentar la solicitud de sustitución del finado o de la finada, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia para desestimar el pleito sin perjuicio.

(c) De fallecer una o más partes demandantes, o uno o más partes demandadas, que fueron partes en un pleito en que el derecho reclamado subsista sólo a favor de las demandantes o contra las partes demandadas que sobrevivan, el pleito no finalizará. Se notificará al tribunal el hecho de la muerte y el pleito continuará a favor o contra las partes sobrevivientes.

### III.

En su recurso, la Sucesión imputa al foro primario haber incidido al desestimar la causa de acción sobre nulidad de la venta judicial en ejecución de sentencia. A su entender, el proceso judicial del caso Civil Núm. L1CI200400313 es nulo e ineficaz, toda vez que, el foro primario nunca ordenó sustituir al señor Miguel Santos Ruiz por la apelante, tal cual lo requiere la Regla 22.1 de las Reglas de Procedimiento Civil, *supra,* y lo resuelto por el Tribunal Supremo en *Oriental Bank v. Pagán Acosta y otros*, supra. Fundamentado en lo anterior añade que, no procede aplicar la doctrina de impedimento

colateral por sentencia frente a un procedimiento nulo y ante dos (2) pleitos con controversias distintas.

Antes de evaluar los méritos del recurso de epígrafe y, debido a que en el presente caso la Sucesión instó un petitorio sumario, al cual se opuso el matrimonio Torres Ríos, debemos -en primer lugar- dar cumplimiento de la Regla 36 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R. 36, así como la normativa establecida en Meléndez *González et al. v. M. Cuebas*, 193 DPR 100 (2015), y examinar *de novo* la procedencia de dicha solicitud.

A esos efectos y en cumplimiento, constatamos que, ambas partes cumplieron con las formalidades que disponen nuestras reglas procesales. Procedemos, pues, al examinar *de novo* los méritos del petitorio sumario comprobamos que no existen controversias de hechos medulares. En su consecuencia, cuando no existe duda sobre los hechos esenciales y se cuenta con la evidencia necesaria, solo resta aplicar el derecho. *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als.*, 2025 TSPR 6, resuelto el 15 de enero de 2025. De manera que, en ausencia de controversias que impidan la adjudicación por la vía sumaria, colegimos que, como foro revisor, nos encontramos ante un asunto de estricto derecho. A esos efectos, procedemos.

Al entender sobre el recurso, según presentado, evaluamos primariamente la normativa de *Oriental Bank v. Pagán Acosta y otros*, supra. En dicho caso, Oriental Bank instó una demanda sobre cobro de dinero y ejecución de hipoteca en contra del señor Víctor Pagán Acosta, la señora Magaly Ramos Miranda y la sociedad legal de bienes gananciales compuesta por ambos. **Antes** de que el foro primario dictara el pronunciamiento impugnado, el señor Víctor Pagán Acosta falleció y, con ello, quedó extinta la sociedad de gananciales entre la pareja y los herederos del causante se convirtieron en partes indispensables. A raíz del referido

fallecimiento, Oriental Bank no procuró la sustitución del señor Víctor Pagán Acosta por sus herederos, lo cual tuvo el efecto de anular la sentencia que posteriormente dictó el TPI, por falta de parte indispensable. Ante ese cuadro fáctico, el Alto Foro relevó a la señora Magaly Ramos Miranda de los efectos del dictamen y devolvió el asunto ante el foro primario para la continuación de los procesos.

Cabe puntualizar que, distinto a lo ocurrido en *Oriental Bank v. Pagán Acosta y otros*, supra, en los hechos que nos ocupan, el TPI dictó la *Sentencia* anterior (caso Civil Núm. L1CI200400313), el 18 de agosto de 2015. **Transcurridos tres (3) años**, el 2 de agosto de 2018, el señor Miguel Santos Ruiz falleció. A lo anterior se añade que, el 18 de junio de 2018, previo al deceso, el foro judicial autorizó la venta de la propiedad previamente embargada. A esos efectos, el 13 de julio de 2018, fue expedido el edicto de la subasta, el cual se publicó en el periódico *El Vocero* el 19 y 27 de julio de 2018.[10] Por último, el 24 de julio de 2018, la publicación de tales edictos fue notificada por correo certificado tanto al señor Miguel Santos Ruiz como a su representante legal.

De lo anterior resulta evidente que, todos esos trámites fueron realizados previo al fallecimiento del causante. Lo que en efecto se llevó a cabo con posterioridad a dicho fallecimiento fue la subasta en el caso Civil Núm. L1CI200400313, el 13 de septiembre de 2018; la confirmación de la venta judicial el día 26 del mismo mes y año; y el otorgamiento de la escritura correspondiente, el 27 de septiembre de 2018. En el ínterin, el 19 de septiembre de 2018, la Sucesión compareció y notificó el fallecimiento del señor Miguel Santos Ruiz. Por lo cual, ante este cuadro fáctico, era improcedente desestimar, sin perjuicio, la presente causa de acción, al amparo de la Regla 22.1 de las Reglas de Procedimiento Civil, *supra.*

---

[10] Apéndice, págs. 54-61.

Sobre tales bases, coincidimos con el foro primario en cuanto a que, cuando el TPI emitió el dictamen en el caso sobre despido injustificado (caso Civil Núm. L1CI200400313), no existía falta de parte indispensable, en la medida en que, a esa fecha, el señor Miguel Santos Ruiz estaba con vida. Tal cual expuso el foro primario, a la fecha del fallecimiento del señor Miguel Santos Ruiz, el dictamen en el caso sobre despido injustificado (caso Civil Núm. L1CI200400313) había advenido final y firme.

Cabe señalar que, luego de dictar sentencia sobre despido injustificado a favor de señor Torres Arroyo y por tratarse de una cuestión de hecho necesaria para la solución del pleito anterior, mediante el dictamen notificado en el caso Civil Núm. L1CI200400313, el foro primario adjudicó -en los méritos- las controversias entre las partes sobre la impugnación de subasta y la nulidad de venta judicial, por falta de notificación adecuada y parte indispensable. Tras recurrir en revisión ante este Tribunal (Recurso Núm. KLAN201801353), un panel hermano de esta Curia determinó no expedir el auto de *certiorari.* Surge de su dictamen que, luego de auscultar el apéndice y los autos originales del recurso, de forma "puntillosa", el panel hermano concluyó que nada justifica su intervención con el pronunciamiento recurrido. Como se sabe, la denegatoria a expedir no implica la ausencia de un error en el dictamen cuya revisión se solicita, ni constituye una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). Sin embargo, evidentemente, el asunto que la apelante intenta re litigar fue adjudicado en el caso Civil Núm. L1CI200400313, mediante una *Sentencia* válida que advino final y firme.

Con respecto a la aplicabilidad de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia, luego de revisar el dictamen final y firme que notificó el foro primario, en el

caso Civil Núm. L1CI200400313, tomamos conocimiento de lo allí resuelto y constatamos que, en él, quedaron adjudicadas las alegaciones sobre nulidad de venta judicial que la apelante pretende litigar nuevamente. Lo antes demuestra la identidad de las cosas.

Tal cual expuso el foro primario, la causa de acción del caso Civil Núm. L1CI200400313 era una reclamación laboral, mientras que, la del caso de epígrafe es sobre nulidad de venta en ejecución de sentencia, enriquecimiento injusto, fraude, daños y perjuicios y satisfacción de sentencia. Si bien es cierto que las causas de acción en ambos pleitos son distintas, según resolvió el Alto Foro en *Presidential v. Transcaribe,* supra, para aplicar el impedimento colateral por sentencia no es necesario que exista tal identidad.

En cuanto a la identidad de los litigantes y a la calidad en que lo fueron, el Artículo 1204 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 3343, establece las presunciones relacionadas a la cosa juzgada.[11] En lo atinente y, a modo de excepción, dispone que: "[s]e entiende que hay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas." *Presidential v. Transcaribe,* supra.

Cabe puntualizar que, en caso Civil Núm. L1CI200400313, el demandante fue el señor Alejandro Torres Arroyo y el demandado, el señor Miguel Santos Ruiz. Mientras que, en la causa de epígrafe, figuran como demandantes los causahabientes del señor Miguel Santos Ruiz y, como demandados, el señor Alejandro Torres Arroyo, la señora María Ivette Ríos Acevedo y la sociedad de gananciales existente entre ellos. A tenor con la normativa antes expuesta, se

---

[11] Citamos el hoy derogado Código Civil de Puerto Rico de 1930 por ser el aplicable a los hechos ante nuestra consideración.

configura la identidad de los litigantes para aplicar la defensa de impedimento colateral por sentencia.

Por los fundamentos discutidos, dictaminamos que, al amparo de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia, el foro primario actuó correctamente al desestimar parcialmente la causa de acción de nulidad de venta judicial en ejecución de sentencia.[12] Los errores señalados no se cometieron.

**IV.**

Por los fundamentos esbozados, confirmamos la *Sentencia Parcial* apelada y devolvemos el presente asunto ante el foro primario para la continuación de los procesos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Cabe señalar que lo antes no prejuzga las demás reclamaciones que quedan pendientes ante el foro primario sobre enriquecimiento injusto, fraude al tribunal y daños y perjuicios.